# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Clark, | **CASE NUMBER** |
| | JS-6      2:25-cv-00910-SPG-RAO |
| PLAINTIFF(S) | |
| v. | |
| Flagstar Bank, et al., | **ORDER ON REQUEST TO PROCEED** |
| | ***IN FORMA PAUPERIS*** |
| DEFENDANT(S) | **(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.    ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

    ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
    ☐ The action is frivolous or malicious.
    ☒ The action fails to state a claim upon which relief may be granted.
    ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

December 12, 2025
Date

_/s/_
United States District Judge

CV-73 (07/22)      ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

On February 3, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 4). On February 11, 2025, the Court postponed ruling on the IFP request and ordered Plaintiff to file an amended complaint within 30 days. (ECF No. 8). When Plaintiff failed to do so, the Court dismissed the case without prejudice. (ECF No. 11). On March 26, 2025, Plaintiff requested an extension of time to file an amended complaint, which the Court granted, ordering that the case be reopened. (ECF Nos. 13, 15). Plaintiff filed his First Amended Complaint ("FAC") on May 16, 2025, (ECF No. 17), along with a request for judicial notice, (ECF No. 18). The Court will construe the FAC as responsive to the Court's earlier order postponing decision on the IFP request. Because Plaintiff seeks to proceed in forma pauperis, the Court has reviewed the FAC to determine whether the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In the FAC, Plaintiff alleges that Defendant Flagstar Bank ("Flagstar") defrauded Plaintiff, resulting in the wrongful foreclosure of his property. (FAC ¶ 9). Plaintiff alleges that he entered into an agreement with Flagstar on October 13, 2008, for a $300,000 loan in exchange for a deed of trust over his property. (Id. ¶ 13). When Flagstar failed to disburse the funds, Plaintiff rescinded the deed of trust. (Id. ¶ 14). Flagstar, together with an individual not named as a defendant in this case, then misappropriated $89,213.07 in connection with the loan. (Id. ¶ 15). Together with Defendant ZBS Law, Flagstar initiated a non-judicial foreclosure of Plaintiff's property, culminating in the Trustee's Deed Upon Sale on November 19, 2019. (Id. ¶ 24). The FAC also names a third Defendant, Yi Ming, LLC, which is not mentioned in any of the factual allegations. Plaintiff asserts claims for violation of the Truth in Lending Act, breach of contract, wrongful foreclosure, violation of the homeowner bill of rights, violation of Cal. Civil Code Sec. 3412, quiet title, and violation of California's Unfair Competition Law.

The FAC fails to cure the deficiencies previously identified. First, many of Plaintiff's claims appear to be barred by res judicata. As identified in the Court's prior order, Plaintiff previously raised substantially identical claims against Flagstar in prior state and federal proceedings. In one prior federal action, case number 2:16-cv-02009-MWF-AJW, Judge Fitzgerald first dismissed several of Plaintiff's claims as estopped by a prior state court action. Judge Fitzgerald then dismissed Plaintiff's remaining claims - including claims that Flagstar breached its contractual duties under the loan agreement and engaged in fraud - on the merits and without leave to amend. See Clark v. Flagstar Bank FSB, No. 2:16-cv-02009-MWF-AJW, ECF No. 25 (C.D. Cal. Aug. 11, 2016). Because Plaintiff's claims premised on the 2008 loan involve the same alleged violations of Plaintiff's rights, the same alleged violation of Flagstar's duties, and the same resulting harm as that raised in the prior case before Judge Fitzgerald, that decision has preclusive effect, at least as to Flagstar.

Second, Plaintiff's remaining claims appear to be barred by the statute of limitations. Plaintiff's claims all relate to disputes over a 2008 loan agreement, which culminated in the foreclosure of Plaintiff's property in 2019. Plaintiff did not initiate this action until February 2025, more than five years after the most recent events identified in the FAC. Plaintiff points to a 2022 note from the Los Angeles County Tax Assessor, which he argues delayed discovery of his claims, but he fails to explain why he was previously unable to learn of his causes of action. See Fox v. Ethicon Endo Surgery, Inc., 35 Cal. 4th 797, 807 ("A plaintiff has reason to discover a cause of action when he or she has reason at least to suspect a factual basis for its elements." (citation omitted)). Plaintiff's argument is unpersuasive given that he filed cases in 2019 and 2021 raising similar claims to those raised here. See Case Nos. 2:19-cv-08551-MWF-PLA, 2:21-cv-00587-MWF-PLA. Moreover, to the extent the 2022 note is relevant to delayed discovery, Plaintiff fails to explain why he could not have obtained the note during the limitations period. Accordingly, Plaintiff has failed to state a claim and his FAC is DISMISSED.

*(attach additional pages if necessary)*